UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Gary T. Cunningham, | ) | Civil Action No.: 6:18-cv-01381-RBH-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Cherokee County Detention Center, | ) | |
| Southern Health Partners, Robert | ) | |
| Pagett, and Tammy Gordon, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of

United States Magistrate Judge Kevin F. McDonald.[1]  *See* ECF No. 26.  The Magistrate Judge

recommends summarily dismissing one of the defendants—the Cherokee County Detention

Center—from this action with prejudice.[2]  R & R at pp. 3–4.

### Standard of Review

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's

recommendation has no presumptive weight, and the responsibility to make a final determination

remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a

de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1]      The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), and he reviewed Plaintiff's amended complaint pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A.  The Court is mindful of its duty to liberally construe the pleadings of pro se litigants.  *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *But see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. *Gordon* directs district courts to construe pro se complaints liberally.  It does not require those courts to conjure up questions never squarely presented to them.").

[2]      The Magistrate Judge authorized service of process as to the other three defendants, who have since filed answers.  *See* ECF Nos. 25, 38, & 40.

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed.  *Id.*  However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation.  *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### Discussion[3]

Plaintiff, a pretrial detainee proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against four defendants including the Cherokee County Detention Center ("CCDC").  *See* ECF No. 16 (amended complaint).  The Magistrate Judge recommends summarily dismissing the CCDC because it is not a "person" within the meaning of § 1983 and therefore is not subject to suit.  *See* R & R at pp. 2–3.

After the R & R was issued, Plaintiff filed a letter as well as another document that the Clerk docketed as an "Objection" to the R & R.  *See* ECF Nos. 35 & 36.  However, neither filing contains a specific objection to the Magistrate Judge's conclusion that the CCDC is not amenable to suit under § 1983.  *See Diamond & Camby*, *supra* (stating that absent a specific objection, the Court need only

---

[3]     The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

review the R & R for clear error and need not give reasons for adopting it). The Court discerns no clear error in the R & R, and therefore the Court will adopt it and dismiss CCDC. *See Vanzant v. Carolina Ctr. for Occupational Health*, No. 8:14-cv-03725-RBH, 2015 WL 5039302, at *3 (D.S.C. Aug. 25, 2015) ("It remains well-settled law in this circuit that detention centers . . . cannot be sued in a section 1983 lawsuit."); *see, e.g.*, *Preval v. Reno*, 203 F.3d 821, 2000 WL 20591, at *1 (4th Cir. 2000) (unpublished table decision) ("The [district] court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983, and we affirm dismissal of the claims against the jail for that reason."); *Dudley v. Food Serv.-Just Care*, 519 F. Supp. 2d 602, 604 (D.S.C. 2007) (stating "plaintiffs seeking redress for federal constitutional violations by persons acting under color of state law (§ 1983 causes of action) may not sue inanimate buildings such as jails or detention facilities").

## Conclusion

For the foregoing reasons, the Court adopts and incorporates by reference the R & R [ECF No. 26] of the Magistrate Judge. Accordingly, the Court **DISMISSES** the Cherokee County Detention Center *with prejudice* and without issuance and service of process.[4]

**IT IS SO ORDERED.**

Florence, South Carolina
September 6, 2018

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

---

[4] The Magistrate Judge previously afforded Plaintiff an opportunity to amend his complaint, and therefore dismissal of Defendant CCDC is with prejudice. *See Workman v. Morrison Healthcare*, 724 F. App'x 280, 281 (4th Cir. 2018) (indicating dismissal with prejudice is appropriate when "the district court already has afforded [the plaintiff] the opportunity to amend" (citing *Goode v. Cent. Virginia Legal Aid Soc'y, Inc.*, 807 F.3d 619, 623 (4th Cir. 2015))).