# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Gary T. Cunningham, ) | |
| ) | |
| Plaintiff, ) | Civil Action No.: 6:18-cv-01381-JMC |
| ) | |
| v. ) | |
| ) | |
| Southern Health Partners, Robert Padgett, ) | **ORDER** |
| and Tammy Gordon, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 19, 2019 (ECF No. 91). The court **ACCEPTS** the Magistrate Judge's Report and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Defendants Southern Health Partners, Robert Padgett, and Tammy Gordon's (collectively, "Defendants") Motions for Summary Judgment (ECF Nos. 51, 52).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (ECF No. 91 at 1–5.) As brief background, on May 21, 2018, Plaintiff, proceeding pro se and in forma pauperis, filed this 42 U.S.C. § 1983 action alleging that while in detention at the Cherokee County Detention Center ("CCDC"), Defendants were denying Plaintiff his medication for chronic obstructive pulmonary disease. (ECF No. 1 at 4.) On November 8, 2018, Defendants filed Motions for Summary Judgment. (ECF Nos. 51, 52.) On November 9, 2018, the Magistrate Judge entered a *Roseboro*[1] order, advising Plaintiff of the

---

[1] In *Roseboro v. Garrison*, the United States Court of Appeals for the Fourth Circuit held that district courts are required to provide pro se litigants with an explanation of summary judgment procedures. 528 F.2d 309, 310 (4th Cir. 1975).

1

summary judgment procedures and the consequences of failing to adequately respond. (ECF No. 55.) On December 10, 2018, Plaintiff notified the court of a change in his address. (ECF No. 64.) On December 11 and 20, 2018, the court received three (3) letters from Plaintiff, which the Magistrate Judge construed as responses to Defendants' Motions for Summary Judgment. (ECF Nos. 70, 72, 73, 91 at 3–4 n.3.)

The Magistrate Judge entered her Report on March 19, 2019. (ECF No. 91.) The Magistrate Judge first found "[P]laintiff failed to show that he had a serious medical need to which . . . [D]efendants were indifferent. The record before the court is clear that . . . [P]laintiff received continuous care while housed in the CcdC and that his complaints were not ignored." (*Id.* at 5–6, 7.) The Magistrate Judge further found that "[P]laintiff has failed to make any showing that his breathing issues were so serious as to require more access to his inhaler than was authorized, or different treatment altogether." (*Id.* at 7.) Additionally, the Magistrate Judge determined that "[t]o the extent . . . [P]laintiff alleges that [D]efendants [Southern Health Partners] and Nurse Gordon are liable under a theory of *respondeat superior* for the actions of other nurses, that doctrine is generally inapplicable to Section 1983 claims," and "[P]laintiff has failed to demonstrate that any of the supervised [D]efendants violated [Plaintiff's] rights, so any claims against their superiors must necessarily fail." (*Id.* at 8.) Finally, the Magistrate Judge also concluded that because "[P]laintiff fails to demonstrate that . . . [D]efendants violated his constitutional rights[,] . . . . [D]efendants are entitled to qualified immunity." (*Id.* at 9.)

## II. STANDARD OF REVIEW

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District Court of South Carolina. The Magistrate Judge only makes a recommendation to this court; the responsibility to make a final determination

2

remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This court engages in a de novo review of those portions of the Report and Recommendation to which the parties have made specific objections. *See* 28 U.S.C. § 636(b)(1). *See also* Fed. R. Civ. P. 72(b)(3). The court may accept, reject or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### III. DISCUSSION

On March 19, 2019, as part of the Report, the Magistrate Judge notified the parties of their right to file objections by April 2, 2019. (ECF No. 91 at 9.) Also, on March 19, 2019, the Report was mailed to Plaintiff at the updated address THAT Plaintiff provided the court on December 10, 2018. (ECF Nos. 64, 95.) The Report was returned as undeliverable on April 2, 2019.[2] (ECF No. 95.) At the beginning of this litigation, on June 15, 2018, the court entered an order directing Plaintiff to advise the Clerk of Court of the United States District Court for the District of South Carolina, in writing, "if [his] address change[d] for any reason, so as to assure that orders or other matters that specify deadlines for you to meet will be received by you." (ECF No. 11 at 1.) Thus, apparently, Plaintiff has failed to provide the court with a correct address.[3] Neither of the parties filed any objections to the Report by April 2, 2019. In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendations without modification. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Absent objections, the court must only ensure that there is no clear error on the face of the record in order to accept the recommendations. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310,

---

[2] Several other orders entered prior to the Report and Recommendation and mailed to Plaintiff were also returned as undeliverable. (ECF Nos. 87, 88, 97, 90, 93, 94.)

[3] Not only was Plaintiff aware of this obligation, his actions show he understood it, as he previously informed the court that his address changed on December 10, 2018. (ECF No. 64.)

3

315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). If a party fails to file specific, written objections to the Report, the party forfeits the right to appeal the court's decision concerning the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Accordingly, since none of the parties filed any objections to the Report, and the court observes no clear error on the face of the record, the court accepts the Magistrate Judge's Report. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199.

## IV. CONCLUSION

After a thorough and careful review of the record, the court finds the Magistrate Judge's Report and Recommendation provides an accurate summary of the facts and law in this case. Accordingly, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 91) and incorporates it herein by reference. For the reasons set out in the Report, the court **GRANTS** Defendants' Motions for Summary Judgment (ECF Nos. 51, 52).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 17, 2019
Columbia, South Carolina

4